AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

**FILED BY** _____ **KJZ** _____ **D.C.**

**Jul 10, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| CARL LAWRENCE COBB, and | ) | Case No. |
| BRUCE WAYNE BIVINS | ) | 20-8242-WM |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 24, 2020 _____ in the county of _____ Palm Beach _____ in the _____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 16 USC 3372(a)(1) & 3373(d)(1)(B) | Lacey Act violation involving transport of Sea Turtle Eggs taken in violation of the Endangered Species Act |
| 16 USC 371 | Conspiracy to violate the Lacey Act |

This criminal complaint is based on these facts:

PLEASE SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT JOHN SKIDMORE

☑ Continued on the attached sheet.

_____
*Complainant's signature*

John Skidmore, Special Agent
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone
(FaceTime) per the requirements of Fed. R. Crim. P.
4(d) and 4.1 on the 10th day of July, 2020.

_____
*Judge's signature*

City and state:      West Palm Beach, Florida

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, John Skidmore, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the United States Fish and Wildlife Service - Office of Law Enforcement ("USFWS"), and am therefore an "investigative or law enforcement officer" of the United States within the meaning of Title 16, United States Code, Section 3375. Additionally, I am a Federal Law Enforcement Officer within the meaning of Rule 41(a) of Federal Rules of Criminal Procedure and have held such designation since May 2016.  Since that time, I have worked for the USFWS as a Special Agent in the Miami, Florida Office of Law Enforcement.  Prior to this employment as a USFWS Special Agent, I was employed by the U.S. Department of Homeland Security, Homeland Security Investigations, as a Special Agent for five years.  Prior to my time as an HSI Special Agent, I was employed as a Special Agent with the USFWS.

2.      Based upon my training and experience, I am familiar with the laws and regulations primarily enforced by the USFWS, such as the Lacey Act, Title 16, United States Code, Sections 3371, et seq., and the Endangered Species Act (ESA), Title 16, United States Code, Sections 1538, et seq. I am also familiar with certain laws and regulations wherein underlying violations of the Lacey Act and/or Endangered Species Act (or related regulations) are concurrently violated. During my overall career as a Special Agent, I have conducted multiple investigations involving endangered and protected wildlife.

3.     I am making this Affidavit in support of an application for an arrest warrant or summons for Bruce Wayne BIVINS (BIVINS) and Carl Lawrence COBB (COBB) for violating the following laws:

    a.     16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) - - Lacey Act;

    b.     16 U.S.C. § 1538(a)(1)(D)  - - Endangered Species Act;

    c.     18 U.S.C. § 371 - - Conspiracy to Violate the Above Substantive Offenses

In addition, as set forth below, it has been demonstrated that BIVINS and COBB committed the aforementioned substantive crimes both as a principal within the meaning of 18 U.S.C. § 2, as well as a co-conspirator in connection with said crimes within the meaning of 18 U.S.C. § 371.

4.     The information contained in this affidavit is based on the investigation, information, and evidence related to your affiant and other law enforcement officers.  In this Affidavit, I have not set forth all information of which I am aware, but only such information as I believe necessary to establish probable cause that BIVINS and COBB committed violations of federal criminal laws referenced above.

### PROBABLE CAUSE

5.     On or about May 24, 2020, at approximately 9:45 PM, Florida Fish and Wildlife Conservation Commission (FWC) Investigator (INV) Sierra observed a green Ford truck bearing Florida license tag II39AM, registered to COBB, traveling

2

north on Highway A1A, also known as North Ocean Drive, on Singer Island. Singer
Island is located in Riviera Beach, Palm Beach County, Florida. COBB was an
individual known by INV Sierra to be a sea turtle egg poacher on federal
supervision in the Southern District of Florida.  INV Sierra saw the green Ford truck
pull over and stop in the vicinity of 5060 N Ocean Drive, Riviera Beach, Florida.
When the truck came to a stop, a black male, later identified as BIVINS, exited the
vehicle. INV Sierra contacted FWC Lieutenant (LT) Ornold and FWC INV Woolrich,
who were conducting foot patrol and surveillance on Singer Island, and informed
them of COBB's presence and activity. INV Sierra continued to observe the green
Ford truck and confirmed COBB was the driver and sole occupant of the vehicle.

6.      At approximately 10:15 PM, LT Ornold observed BIVINS walking north on
the beach in the vicinity of 5080 N. Ocean Drive, Riviera Beach carrying what
appeared to be a stick (probing device) and a dark colored bag. While walking on
the beach, BIVINS was probing and digging in the sand. At one of these locations,
LT Ornold observed BIVINS probe, dig, and place his hand in and out of the dark
colored bag. BIVINS walked away from this location carrying the bag that now
looked heavy and was drooping like it had objects inside

7.      At approximately 10:35 PM INV Sierra observed COBB driving a white Ford
truck bearing Florida license tag JBVQ20 traveling north on A1A, Singer Island,
leave the immediate area, and return a few minutes later. When COBB returned in
the white Ford truck, he was traveling north on A1A then executed a U-turn to
travel south on A1A.

3

8.     At approximately 10:45 PM, FWC INV Woolrich was conducting surveillance in the vicinity of 5060 N. Ocean Drive, Riviera Beach, Singer Island when he heard the voice of an unidentified male speaking loudly from a location close by. At approximately 10:55 PM, INV Woolrich observed a white truck travel south on A1A and come to a stop on the road. INV Woolrich saw BIVINS exit some bushes, walk quickly toward the truck while carrying a dark colored bag, and enter the stopped vehicle. INV Woolrich notified INV Sierra about the pickup of BIVINS.

9.     INV Sierra executed a traffic stop on the white Ford truck with the assistance of additional FWC Officers. During the traffic stop, INV Sierra identified COBB as the driver, BIVINS as the passenger, and observed a black bag with sand on it in plain view in the bed of the truck. While standing next to the truck and without disturbing the bag, INV Sierra illuminated the bag with a flashlight and was able to identify the contents as sea turtle eggs.

10.     COBB and BIVINS were placed under arrest for possessing more than 11 sea turtle eggs in violation of Florida Statute 379.2431(1)(e)(4). BIVINS and COBB were advised of their *Miranda* rights and both acknowledged they understood. BIVINS was in possession of an LG K30 wireless telephone at the time of arrest. Another wireless device, a Samsung Galaxy J3, was observed in plain view on the driver's side seat next to the center console. FWC Officer Brodbeck retrieved the Samsung Galaxy J3, showed it to COBB, and COBB stated the wireless telephone belonged to him. FWC INV Fowler took possession of both wireless telephones and gave them to INV Woolrich who entered them into evidence. There were no

4

other wireless telephones located in the vehicle during an inventory search prior to towing or on the person of BIVINS or COBB during a search incident to arrest.

11.    LT Ornold advised BIVINS of his Miranda rights and asked BIVINS if he wanted to talk about what occurred. BIVINS acknowledged that he understood his rights and agreed to an audio recorded interview. BIVINS stated:

    a.   When asked if he and COBB discussed poaching turtle eggs, BIVINS replied "…yeah something like that…it is what it is…"

    b.   He has previously been arrested for collecting sea turtle eggs, he collects them for consumption, but does not sell them. However, he later stated all of the eggs he was in possession of would be gone by the next day.

    c.   He left his residence in Riviera Beach earlier that night in COBB's green truck.  COBB dropped him off earlier in a green vehicle but returned to pick him up in a white vehicle.

    d.   While waiting for COBB to return to pick him up, he exchanged telephone calls with COBB.  During one of these telephone calls, COBB said he saw the game warden behind him when he first dropped BIVINS off, was scared to come back to pick up BIVINS, and was driving a different vehicle, a white truck.

    e.   When COBB arrived at the pickup spot in the white truck, he passed by BIVINS. BIVINS called COBB and asked what he was doing. COBB

5

told BIVINS to cross the street and said he was coming back to pick him up.  After BIVINS was picked up, they saw the police lights behind them and COBB stated, "…uh oh…we are fixing to go to jail…"

    f.   COBB yelled out to BIVINS and told him to say COBB had nothing to do with the poaching. BIVINS stated this was false, the sea turtle eggs were found in COBB'S truck.

12.    LT Ornold interviewed COBB and advised him of his Miranda rights. During this rights advisement, COBB stated he did not have anything to do with occurred that night, he felt like he was getting arrested for something that he didn't do, he had not been on the beach, and was not allowed to be on the beach. COBB eventually acknowledged that he understood his rights, understood the definition of perjury, and agreed to be interviewed. During the interview COBB stated:

    a.   His telephone number was 561-860-0725 and that he only came to pick up BIVINS after he received a telephone call from him.

    b.   He owns a green truck but when BIVINS called him for pick up, he did so in the white truck.

    c.   When he arrived to pick up BIVINS, he passed by him. BIVINS called again, COBB told him he was in the white truck, and turned around to pick up BIVINS.

    d.   He would not have stopped to pick up BIVINS if he saw him with a bag or eggs.

6

e.  He denied bringing BIVINS to the area earlier that evening. COBB said he was in the white truck and was not in the green truck.

f.  COBB again stated that BIVINS called to pick him up but denied knowing BIVINS was in possession of sea turtle eggs and did not see him put anything in the truck.

g.  He denied dropping COBB off in the area earlier that night.

h.  He was currently on federal supervision following his conviction for sea turtle egg violations. He is not allowed on the beach, and was told he can't go to the beach due to being on probation.

13.    FWC Fisheries and Wildlife Biological Scientist Meghan Koperski oversees the state of Florida Imperiled Species and Marine Turtle Program. This oversight includes researching sea turtle nesting habitats and coordinating surveys with FWC sea turtle nesting permit holders. Her area of responsibility includes Singer island and it's beaches. On May 24, Ms. Koperski arrived on scene at the traffic stop and inventoried the contents of the black bag that was recovered from the bed of the white Ford truck. Ms. Koperski identified 93 marine turtle eggs covered in a light coating of sand showing characteristics consistent with the loggerhead turtle (*Caretta caretta*). Although further examination is necessary to determine the exact species of sea turtle, all six species of sea turtles found in the waters off the Atlantic Coast of South Florida are listed as protected species under the Endangered Species Act. 24. The 93 sea turtle eggs that were taken and

7

transported by BIVINS and COBB have a black market value of between $3 and $5 each making the average value of these eggs $372.

14.     Ms. Koperski and FWC Officers traveled to the beach in the vicinity of 5060 N. Ocean Drive, Riviera Beach, Florida to attempt to locate the marine turtle nest from which the eggs were removed. Ms. Koperski observed several areas and three marked sea turtle nests on the beach in this area that showed signs of recent human disturbance. Ms. Koperski identified a nest marked with survey marker 5/24 Cc 3D as the poached nest. This nest is in the immediate proximity LT Ornold observed BIVINS digging in the sand and placing his hand in the bag.

15.     On July 7, 2020, BIVINS and his attorney gave consent for law enforcement officers to search his LG K30 wireless telephone. Your affiant reviewed the May 24, 2020 call log on the LG K30 and discovered a series of missed, outgoing, or connected calls between BIVINS and telephone number   561-860-0725.  This is the same telephone number COBB provided as his during the post *Miranda* interview. The May 24 call log contained the following:

    a.   Missed calls from telephone number 561-860-0725 at 9:52 A.M. and 9:53 A.M.

    b.   A missed call from telephone number 561-860-0725 at 11:11 A.M.

    c.   Outgoing calls from BIVINS to 561-860-0725 at 12:02 P.M. and 2:53 P.M.

    d.   Missed calls from 561-860-0725 at 9:11 P.M. and 9:12 P.M.

8

    e.  Outgoing calls from BIVINS to 561-860-0725 at 9:14 P.M. and 9:16 P.M.

    f.  Missed calls from 561-860-0725 at 10:01 P.M. and 10:02 P.M.

    g.  Outgoing calls from BIVINS to 561-860-0725 at 10:47 P.M., 10:52 P.M., and 10:54 P.M.

16.    Based upon my training an experience, and as further supported by the facts in this affidavit, I respectfully submit that there is probable cause to believe that Bruce Wayne BIVINS and Carl Lawrence COBB, did:

    a.  possess by any means whatsoever, an endangered species of fish or wildlife, taken within the United States; to wit: sea turtle eggs, in violation of the Endangered Species Act, Title 16, United States Code, Section 1538(a)(1)(D) and Title 50 CFR Sections 17.42(b)(1),17.31(a) and17.21(c); and Florida Statute 379.2431(1)(e)(4).

    b.  BIVINS and COBB did knowingly conspire and engage in conduct that involved the intent to sell any fish or wildlife with a market value in excess of $350.00, that is sea turtle eggs, and did transport said wildlife, knowing that said wildlife was taken in violation of and in a manner unlawful under the laws and regulations of the United States, specifically Title 16, United States Code, Section 1538(a)(1)(D) and Title 50 CFR Section 17.42(b)(1), all in violation of the Lacey Act, Title 16, United States Code, Section 3372(a)(1) and 3373(d)(1)(B), and Title 18 United States Code Section 371.

9

I declare under penalty of perjury that the information in this Affidavit is true and correct.

Respectfully submitted,

John Skidmore
Special Agent
United States Fish and Wildlife Service

Sworn and Attested to me by Applicant by Telephone (FaceTime) per the requirements of Fed. R. Crim. P. 4(d) and 4.1 on the 10th day of July, 2020.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-8242-WM

## UNITED STATES OF AMERICA

v.

CARL LAWRENCE COBB, and
BRUCE WAYNE BIVINS,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States
   Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?        ___ Yes  ✔ No

2. Did this matter originate from a matter pending in the Northern Region of the United States
   Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___ Yes  ✔ No

3. Did this matter originate from a matter pending in the Central Region of the United States
   Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?        ___ Yes  ✔ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____

LAUREN E. JORGENSEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 726885
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:      561-820-8711
Fax:     561-820-8777
Email:   Lauren.Jorgensen@usdoj.gov